# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00766-CV

---

### C. R., Appellant

v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 21DFAM328579, THE HONORABLE DALLAS SIMS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Mother appeals the trial court's final order terminating her parental rights to her child.[1]  *See* Tex. Fam. Code § 161.001.  After a bench trial, the trial court found by clear and convincing evidence that statutory grounds for terminating her parental rights existed and that termination of those rights was in the child's best interest.  Mother's rights were terminated as to Jason, based on the (D) (Endangering Conduct Provision), (E) (Endangering Conditions Provision), (N) (Abandonment Provision), (O) (Ordered Services Provision) grounds and best interest grounds.  *See id.* § 161.001(b)(1)(D), (E), (N), (O) and (b)(2).

Appellant's court-appointed attorney has filed a motion to withdraw supported by an *Anders* brief, concluding that the appeal is frivolous and without merit.  *See Anders*

---

[1]  For the child's privacy, we will refer to him by the alias "Jason," and to his family members by their relationships to him.  *See* Tex. R. App. P. 9.8.  The biological father of Jason is deceased.  The case began with Jason's two siblings included in the case, but they were each placed with their respective fathers and their cases were severed from Jason's case.

*v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from terminations of parental rights). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regul. Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.— Austin 2005, pet. denied). Appellant's counsel has certified to this Court that he has provided Mother with a copy of the *Anders* brief and motion to withdraw and advised her of her rights to examine the appellate record and to file a pro se brief. To date, Mother has not filed a pro se brief. The Department of Family and Protective Services waived filing a response to the *Anders* brief.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on Mother's behalf. We have found nothing in the record that might arguably support an appeal, and we agree the appeal is frivolous and without merit. We have specifically reviewed the trial court's findings as to Mother under subsections (D) and (E) of Family Code Section 161.001(b)(1), and we have found no nonfrivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). Accordingly, we affirm the trial court's order terminating Mother's parental rights.

However, the Supreme Court of Texas has held that the right to counsel in suits seeking the termination of parental rights extends to "all proceedings in the Supreme Court of Texas, including the filing of a petition for review." *In re P.M.*, 520 S.W.3d at 27. Accordingly,

2

counsel's obligation to Mother has not yet been discharged. *See id.* If after consulting with counsel Mother desires to file a petition for review, her counsel should timely file with the Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27–28. Counsel's motion to withdraw therefore is denied.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed: March 21, 2023